IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY RANDOLPH,

    Plaintiff,                                No. CIV S-11-0800 GGH P

    vs.

BOARD OF DIRECTOR APPEAL,

    Defendants.                           ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the filing fee or filed a request to proceed in forma pauperis.

        The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

        In this case, none of the defendants, to the extent they can be discerned, reside in this district. The claim arose in San Bernardino County, which is in the Central District of

1

1  California.  Therefore, plaintiff's claim should have been filed in the United States District Court
2  for the Central District of California.  In the interest of justice, a federal court may transfer a
3  complaint filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v.
4  McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).
5          Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the
6  United States District Court for the Central District of California.
7  DATED: April 4, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009/kly
rand0800.21

2